**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1789-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CURTIS F. RATTRAY,

    Defendant-Appellant.

_____

Submitted March 24, 2020 – Decided May 6, 2020

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 09-06-1056.

Joseph E. Krakora, Public Defender, attorney for appellant (Louis H. Miron, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; William Kyle Meighan, Senior Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Curtis Rattray appeals from the October 31, 2018 denial of his petition for post-conviction relief (PCR), contending trial counsel was ineffective for failing to investigate a challenge to a 2008 communications data warrant (CDW) and failing to move for retraction of defendant's plea. Defendant also asserts the PCR court should have conducted an evidentiary hearing. We affirm.

We derive the facts from our prior decision in the direct appeal. State v. Rattray, No. A-3667-12 (App. Div. June 15, 2015).

Law enforcement learned from a confidential informant (CI) that defendant was distributing controlled dangerous substances (CDS) from his home and car, using a specific cell phone number. A CDW for the cell phone (the April 2008 CDW) resulted in the discovery of multiple telephone calls between defendant and various known gang members and drug offenders. Several controlled buys were also conducted.

As a result, law enforcement applied for and was granted a second CDW (the June 2008 CDW). This CDW permitted the recording of multiple conversations between defendant and members of his drug distribution network. An arrest warrant and search warrants for defendant's home and car were issued.

Defendant was charged in an indictment as the leader of a drug trafficking network with numerous counts of possession and distribution of CDS and conspiracy to manufacture, possess and distribute CDS. After his motion to suppress the evidence obtained pursuant to the June 2008 CDW was denied, defendant pleaded guilty to second-degree conspiracy to manufacture, distribute and possess with the intent to distribute CDS, in violation of N.J.S.A. 2C:5-2 and 2C:35-5(b)(1). He also pleaded guilty to several counts of two other indictments unrelated to the warrants at issue in this appeal.

On the direct appeal from his conviction and sentence, defendant asserted insufficiencies in the affidavit supporting the June 2008 CDW application. We affirmed the conviction and sentence. Id., slip op. at 3.

Defendant's PCR petition contended: (1) trial counsel failed to challenge the April 2008 CDW; (2) he was not informed by trial counsel about the April 2008 CDW; (3) if he knew about the April 2008 CDW, he would not have pleaded guilty; (4) appellate counsel was ineffective for failing to challenge the renewal of the June 2008 CDW; and (5) trial counsel failed to move for a withdrawal of his guilty plea after the revelation of misconduct by employees in the prosecutor's office.

A-1789-18T2

The PCR court denied the petition in a comprehensive, well-reasoned written decision and order. Pertinent to the issues on appeal, the PCR court found defendant did not present any reasons demonstrating why trial counsel should have objected to the evidence obtained pursuant to the April 2008 CDW. In addition, the court stated probable cause existed for the issuance of the June 2008 CDW, noting the substantial evidence of numerous controlled buys.

The PCR court also addressed defendant's contentions regarding a detective and assistant prosecutor who had worked on his case. Defendant referred to an amended complaint filed in a civil case in 2015 which alleged that the assistant prosecutor had asked one or more detectives to falsify reports. He stated his trial counsel should have moved to retract his guilty plea.

The PCR court rejected defendant's assertion, as it lacked any factual support. In addition, the events alleged in the civil complaint occurred between January 2012 and November 2014. Defendant committed the offenses at issue here in 2008, was indicted in 2009, and pleaded guilty in 2012. Furthermore, trial counsel did not represent defendant following his sentencing hearing in 2012.

A-1789-18T2

Because defendant failed to present a prima facie case of ineffective assistance of counsel, the PCR court found he was not entitled to an evidentiary hearing.

Defendant raises the following issues on appeal:

> I. THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL DEPRIVED DEFENDANT OF A FAIR OPPORTUNITY TO DEFEND AGAINST THE CHARGES IN THE INDICTMENTS AND THUS, DEFENDANT'S PLEAS SHOULD BE VACATED OR, IN THE ALTERNATIVE, THE TRIAL COURT SHOULD CONDUCT AN EVIDENTIARY HEARING TO DETERMINE THE BASIS FOR COUNSEL'S FAILING TO CHALLENGE THE APRIL 17, 2008 WARRANT OR FILE A MOTION TO VACATE DEFENDANT'S CONVICTION
>
> II. THE PCR COURT SHOULD HAVE CONDUCTED AN EVIDENTIARY HEARING TO ADDRESS ALL OF DEFENDANT'S CLAIMS

The standard for determining whether trial counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984) and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-pronged test establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning

5

effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

In our review of a PCR court's determination, we defer to the court's factual findings, including credibility determinations, if they are supported by "adequate, substantial and credible evidence." State v. Harris, 181 N.J. 391, 415 (2004) (quoting Toll Bros. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

We affirm substantially for the reasons given in the PCR court's cogent decision. We add only the following brief comments.

Defendant argues trial counsel did not properly prepare for the suppression hearing because counsel did not challenge the facts submitted in the affidavit accompanying the application for the April 2008 CDW. He contends that if counsel had challenged the affidavit, she "might have demonstrated that the evidence obtained from the illegal search warrant should have been suppressed." Because his counsel was inadequate, defendant states he was "forced to accept the State's plea offer."

6

Merely raising a claim of ineffective assistance of counsel for PCR does not entitle a defendant to relief or an evidentiary hearing. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "[W]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Porter, 216 N.J. 343, 353 (2013) (alteration in original) (quoting Cummings, 321 N.J. Super. at 170). Trial courts should grant evidentiary hearings only if the defendant has presented a prima facie claim of ineffective assistance of counsel, material issues of disputed fact lie outside the record, and resolution of those issues requires a hearing. Id. at 355; R. 3:22-10(b).

However, "[a] court shall not grant an evidentiary hearing" if "the defendant's allegations are too vague, conclusory or speculative . . . ." R. 3:22-10(e)(2). Indeed, the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170.

A-1789-18T2

Defendant has not presented any facts to demonstrate the failure to challenge the April 2008 CDW warrant was inadequate or that any challenge would have been successful. There was substantial evidence supporting the CDW, including information from a CI and controlled buys of CDS. His speculative arguments are insufficient to support a finding of ineffective assistance.

We also discern no merit in defendant's argument that trial counsel was inadequate in not moving to retract his guilty plea. As the PCR court noted, counsel no longer represented defendant when the civil complaint was filed alleging misconduct against a detective and assistant prosecutor. The allegations in the complaint referred to actions that occurred between January 2012 and November 2014. Defendant committed the pertinent offenses here in 2008, was indicted in 2009 and pleaded guilty in March 2012. He has not demonstrated any wrongdoing by these individuals in the prosecution of his case.

We are satisfied the PCR court's denial of the petition was supported by the credible evidence in the record. Defendant did not demonstrate trial counsel was ineffective under the Strickland-Fritz test.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1789-18T2